**Haryanto Pantioso HARTONO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–71483.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed June 29, 2009.

Robert George Ryan, Law Offices of Eugene C. Wong, Inc, San Francisco, CA, for Petitioner.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Thomas J. Gullo, Esquire, OIL, Corey Leigh Farrell, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department Of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Haryanto Pantioso Hartono, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), and we deny the petition for review.

Even if Hartono established changed circumstances to excuse his untimely filed asylum application, substantial evidence supports the agency's finding that Hartono's experiences of harassment and discrimination did not rise to the level of persecution. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1182 (9th Cir.2003); *Nagoulko,* 333 F.3d at 1016–17. In addition, Hartono failed to demonstrate a well-founded fear of future persecution because, even as a member of a disfavored group, he did not demonstrate the requisite individualized risk of persecution. *See Lolong v. Gon-*

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*zales,* 484 F.3d 1173, 1180–81 (9th Cir. 2007) (en banc). Further, Hartono's future fear is undercut because his family remains unharmed in Indonesia. *See Hakeem v. INS,* 273 F.3d 812, 816–17 (9th Cir.2001). Accordingly, Hartono's asylum claim fails.

Because Hartono has not met the standard for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003).

Substantial evidence also supports the agency's conclusion that Hartono is ineligible for CAT relief. *See Singh v. Gonzales,* 439 F.3d 1100, 1113 (9th Cir.2006).

The BIA's reduction of the voluntary departure period was permissible because the BIA did not issue a streamlined order. *See Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006).

Finally, we do not reach Hartono's equal protection and due process contentions regarding changed circumstances because we conclude substantial evidence supports the agency's alternative denial of asylum on the merits.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.